## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SIEMENS PRODUCT LIFECYCLE
MANAGEMENT SOFTWARE INC., and
ROSETTA STONE LTD.

            Plaintiffs,

-v-

LEONID DEMIN a/k/a "Cuaon", individually
and d/b/a "AEDSoftware,"
"AEDSoftware.com" and "alexkur.com"

            Defendant.

_____

CIVIL ACTION NO.
3:16-cv-553


April 7, 2016

## COMPLAINT

    Plaintiffs Siemens Product Lifecycle Management Software Inc. ("Siemens PLM"), and Rosetta Stone Ltd. ("Rosetta Stone") (collectively, "Plaintiffs"), by and through their undersigned attorneys, and for their Complaint for injunctive and other relief against defendant, Leonid Demin a/k/a "Cuaon", individually and d/b/a "AEDSoftware," "AEDSoftware.com," and "alexkur.com" (collectively, "Defendant"), hereby state and allege the following:

## INTRODUCTION

    1.    This action by Plaintiffs arises out of the infringement of Plaintiffs' copyrights by Defendant.   Plaintiffs seek permanent injunctive relief to enjoin Defendant from his ongoing violations, and an Order that the domain names through which counterfeit/pirated products were/are offered and/or sold be impounded and

transferred to Plaintiffs, as well as a turnover order and monetary damages.

## PARTIES

2.     Siemens PLM is an indirect U.S. subsidiary of Siemens Corporation, itself an indirect U.S. subsidiary of Siemens AG, a global technology company. Siemens PLM develops, markets and sells numerous products and services. Siemens PLM is, and at all relevant times has been, the copyright owner under United States copyright law with respect to Siemens PLM's proprietary NX® software product ("NX").  As noted in greater detail herein, NX is the subject of valid Copyright Registrations issued by the Register of Copyrights to Siemens PLM.

3.     Rosetta Stone is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business at 1919 North Lynn Street, Arlington, Virginia 22209.  Rosetta Stone is a leading developer of computer software for teaching and learning foreign languages.   Rosetta Stone's award-winning software products are enormously successful and are used by individuals, corporations, non-profits, government agencies, and schools across the United States and around the world.  Rosetta Stone holds valid copyrights in its language learning software, including its Rosetta Stone V3 Arabic Level 1-3 software product ("RS Arabic"), that are duly and properly registered with the United States Copyright Office.

4.     Defendant is a seller of counterfeit and infringing software operating

2

over the internet, including at AEDSoftware.com and alexkur.com[1] (the "Websites" or the "Domain Names," as appropriate).  Defendant has hidden his physical location from the Plaintiffs, as well as the consuming public as a whole.  Defendant utilizes the services of "Whois Privacy Corp." to shield his domain name registration information.  Whois Privacy Corp. is located in Nassau, Bahamas.  Defendant utilizes IWS Networks Ltd. as his internet hosting provider, which is located in the United Arab Emirates.  Defendant has further advised an investigator that Defendant utilizes "BelSwiss Bank" in "Belarus Mink."  Upon information and belief, Defendant resides outside of the United States.  Defendant's only known current contact information is the email addresses he holds out to the public and utilizes in furtherance of his unlawful business -- contact.aedsite@gmail.com and deminleonid79@gmail.com.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over Plaintiffs' claims for copyright infringement pursuant to 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District, and Defendant has a sufficient connection with the District to make venue proper.   Specifically, Defendant has made one or more infringing sales in this District.   Additionally, Defendant is subject to personal

---

[1] Defendant offers and sells the infringing products on/via AEDsoftware.com, and then directs its customers to alexkur.com for the download/distribution.

jurisdiction in this District, and thus may be found in this District.

## GENERAL ALLEGATIONS

### Introduction

7.      Plaintiffs are in the business of, and make and continue to make a substantial investment of time, effort and expense in, designing, developing, testing, manufacturing, publishing, marketing, distributing, and licensing computer software programs recorded on various media for use on personal computers.  Plaintiffs have gained a worldwide reputation for quality and reliability regarding their computer software programs.

8.      Widespread copying, sales and distributions of unauthorized and/or unlawful computer software programs – often referred to as "software piracy" – causes significant harm to software developers such as Plaintiffs and undermines investments in legitimate software products.

9.      Plaintiffs bring this action as a result of Defendant's systematic unauthorized distribution of Plaintiffs' software products through sales conducted over the internet, including the Websites, at which Defendant offers numerous software titles for sale.   Indeed, Defendant's Websites/Domain Names are the primary articles by means of which the infringing software is copied and distributed. Defendant's actions were and continue to be undertaken willfully and intentionally and have caused and are continuing to cause substantial damage and irreparable harm to Plaintiffs and the software industry.

10.      Plaintiffs own the copyrights that are the subject of this litigation,

specifically, the copyright registrations attached as Exhibits A and B.

11.     Plaintiffs are informed and believe, and therefore allege that Defendant has, without authorization, offered for sale, sold, and/or distributed unauthorized copies, and/or unauthorized derivative works, of Plaintiffs' copyrighted computer software programs in this District and elsewhere.  Plaintiffs have not authorized Defendant to copy, reproduce, duplicate, disseminate, sell or distribute their copyrighted software.

12.     By selling and/or distributing infringing copies of Plaintiffs' software in and to the State of Connecticut, Defendant availed himself of Connecticut and its laws, and knew or reasonably should have anticipated being haled into court in Connecticut to account for the damage and harm suffered arising out of the infringing sales made to and in this State.

13.     Defendant is on notice of the wrongfulness of his conduct, but continues to engage in it.  Among other things, Plaintiffs – through their agent and attorney-in-fact, the Business Software Alliance ("BSA") – submitted multiple notices of infringement, on behalf of Plaintiffs and other software owners (BSA's members), to Defendant's hosting company.  Additionally, BSA, on behalf of Plaintiffs and other of its members, notified PayPal – one of Defendant's payment processors – of Defendant's infringing conduct.  PayPal initially removed its services as a means of processing payments on the Websites.  This was acknowledged by Defendant, who stated in an email to a purchaser acting on behalf of BSA (via a

admin@aedsoftware.com[2] email address previously used by Defendant) that: "my Paypal account is temporarily suspended and we could try again in three business days or we could put the money into his BelSwiss Bank account in Belarus Mink." The original email address that Defendants proffered for the PayPal payment was irinaoshov@gmail.com.  After the suspension, Defendant directed that the PayPal funds be sent to slava.lapin21@gmail.com.  As of the filing of this Complaint, Defendant is again using PayPal.  The most recent email address he has used to accept PayPal payments is the deminleonid79@gmail.com address noted above.  As a result of BSA's notices, the consequences thereof, and Defendant's conduct and statements, it is apparent that Defendant is on notice of his unlawful conduct.

14.    Additionally, Defendant's conduct and activities are patently and obviously unlawful.  Plaintiffs – through BSA – acquired products from Defendant for analysis.  The software was provided via download, as zipped ".rar" files, which no software seller would consider to be authorized versions of software, and Plaintiffs subsequently confirmed the obvious -- that Defendant's products constitute cracked/counterfeit versions of Plaintiffs' copyrighted software.   Indeed, Siemens PLM technicians have verified that the NX software distributed by Defendant is a cracked copy from a known software cracker/hacker group identifying itself as "SolidSQUAD."   Defendant distributed these products, and offered to receive payment, via email, using the email addresses noted above.

---

[2] Defendant appears as "AEDsoftware manager" when sending email correspondence, but has used both admin@aedsoftware.com and contact.aedsite@gmail.com as the actual email addresses behind that "Sender Name."

      a.  Notably, Plaintiffs' agent, BSA, also has evidence that, in addition to infringing copies of Plaintiffs' copyrighted software, Defendant has also distributed, via email/download, copies of other companies' software, including Adobe Creative Suite 6 Master Collection, AutoCad 2015, IBM SPSS, PTC Creo 3.0 and Solidworks 2015, in the same cracked/unauthorized format noted above.

15.    Defendant's conduct with respect to Plaintiffs' intellectual property and the intellectual property of others makes clear that Defendant's conduct is knowing and willful.

16.    Defendant's infringement is also voluminous and substantial. Defendant offers numerous software titles and products that purport to relate to many different software companies, including, but not limited to, over 100 different software titles from at least 11 members of BSA.  Moreover, because Defendant copies and distributes them electronically – including via email, download and/or otherwise – Defendant has the ability to sell ***unlimited*** infringing copies of all of those titles.

      a.  Upon information and belief, and in light of the aforementioned business model and Defendant's Websites, Defendant has distributed and/or will distribute a voluminous and substantial number of infringing copies of Plaintiffs' copyrighted works.[3]

---

[3] In discovery, Plaintiffs will request from Defendant a full and complete accounting, if such records are accurately kept by Defendant, of the precise volume of infringement of Plaintiffs' works over the relevant time period(s), including within the 3-year statute of limitations period and while this action is pending.

17. Defendant's actions constitute willful violations of Plaintiffs' rights under the Copyright Act. Plaintiffs request that the Court order permanent injunctive relief enjoining Defendant from his ongoing and future violations, order that any domain names through which counterfeit products were offered and/or sold – including, but not necessarily limited to, AEDSoftware.com and alexkur.com – be impounded and transferred to Plaintiffs, order that the profits of Defendant's illicit sales held by payment processors and other third parties on behalf of Defendant be turned over to Plaintiffs, and award Plaintiffs monetary damages.

## Count One

### [Copyright Infringement, 17 U.S.C. § 501, *et seq.*]

18. Plaintiffs repeat and incorporate by this reference each and every allegation set forth in paragraphs 1 through 17, inclusive.

19. Plaintiffs are the owners and licensors of the copyrighted software alleged herein, as well as related software and components, including user reference manuals, user guides, screen displays and/or product packaging covered by Plaintiffs' registered copyrights, as reflected in the attached Certificates of Registration.

20. Defendant has infringed the copyrights in Plaintiffs' software, including but not limited to the computer software covered by Plaintiffs' registered copyrights and Certificates of Registration, by copying and/or distributing infringing copies of such software without the approval or authorization, and in contravention of express restrictions, of Plaintiffs.

8

21.     Defendant's conduct has been willful within the meaning of the Copyright Act.  At a minimum, Defendant has acted with willful blindness to and in reckless disregard of Plaintiffs' registered copyrights.

22.     As a result of their wrongful conduct, Defendant is liable to Plaintiffs for copyright infringement. Plaintiffs have suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to their goodwill and business reputation. Plaintiffs are entitled to recover damages, which include their losses and all profits Defendant has made as a result of his wrongful conduct, pursuant to 17 U.S.C. § 504(b).

23.     Alternatively, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c). In addition, because Defendant's conduct has been willful within the meaning of the Copyright Act, the award of statutory damages should be enhanced pursuant to 17 U.S.C. § 504(c)(2).

24.     Plaintiffs also are entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiffs have no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) Plaintiffs' copyrights are unique and valuable property which have no readily determinable market value, (b) Defendant's infringement harms Plaintiffs' goodwill and business reputation such that Plaintiffs could not be made whole by any monetary award, and (c) Defendant's wrongful conduct, and the resulting damage to Plaintiffs, is continuing.

25.     Plaintiffs also are entitled to recover their attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

26.     Additionally, because Defendant's Domain Names are the primary articles by means of which the subject infringing software is reproduced and distributed, and to ensure that the injunctive relief to which Plaintiffs are entitled is effectual, Plaintiffs also are entitled to an Order or Orders impounding and transferring to Plaintiffs (as a reasonable disposition thereof) Defendant's Domain Names.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against Defendant as follows:

1) That the Court enter a judgment against Defendant finding:

   a. that Defendant has directly, contributorily and/or vicariously infringed, and/or improperly induced the direct infringement of, Plaintiffs' rights in copyrighted software, including Plaintiffs' registered copyrights, in violation of 17 U.S.C. § 501; and

   b. that Defendant has otherwise injured Plaintiffs' goodwill and business reputation by the acts and conduct set forth in this Complaint.

2) That the Court issue temporary and/or preliminary injunctive relief enjoining and restraining Defendant and his respective agents, servants, employees, successors and assigns, and all other persons acting in concert or conspiracy with Defendant or affiliated with Defendant, from:

   a. offering, copying, distributing, or making derivative works of, without authorization, any software purportedly deriving from Plaintiffs or which relates or purports to related to any of Plaintiffs' copyrights;

   b. directly infringing, and/or contributorily or vicariously infringing, or improperly inducing the direct infringement of, Plaintiffs'

copyrighted works;

   c. otherwise infringing, and/or contributorily or vicariously infringing, or improperly inducing the direct infringement of, any of Plaintiffs' copyrighted works;

   d. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a)-(c) above.

3) That the Court issue a permanent injunction making permanent the orders requested in paragraphs 2(a) through (d) of this Prayer for Relief;

4) That the Court order Defendant to pay Plaintiffs' general, special, actual, and statutory damages as follows:

   a. Plaintiffs' damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) or, alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 504(c)(2), for Defendant's willful infringement of Plaintiffs' copyright(s);

5) That the Court enter an order, pursuant to 17 U.S.C. §§ 504(b), requiring Defendant to prepare an accounting of all "profits" received by Defendant from his violations of the Copyright Act.

6) That the Court enter an order, pursuant to 17 U.S.C. §§ 504(b), declaring that Defendant, and his agents, payment processors, financial institutions, and/or other appropriate third parties, hold in trust, as

constructive trustees for the benefit of Plaintiffs, all "profits" received by Defendant from his violations of the Copyright Act, and issue and Order requiring that Defendant, as well as his agents, payment processors, financial institutions, and/or other appropriate third parties, turnover to Plaintiffs the funds in his/their possession, held on behalf of Defendant or at his instruction, as actual damages/illicit profits, consistent with 17 U.S.C. § 504(b).

7) That the Court order preliminary relief impounding all infringing copies of Plaintiffs' copyrighted works, as well as articles used to facilitate infringement, including, but not limited to, Defendant's Websites and Domain Names, in Defendant's possession or control, and, upon judgment, enter an appropriate order regarding the reasonable disposition of same, including an Order transferring the Domain Names to Plaintiffs;

8) That the Court award Plaintiffs their reasonable attorney's fees pursuant to 17 U.S.C. § 505;

9) That the Court award Plaintiffs their costs of suit incurred herein; and

10) That the Court grant to Plaintiffs such other and additional relief as is just and proper.

Dated this 7th day of April, 2016.

THE PLAINTIFFS,
SIEMENS PRODUCT LIFECYCLE
MANAGEMENT SOFTWARE INC.
AND ROSETTA STONE LTD.

By: _____/s/_____
    Brian C. Roche (ct17975)
    Gerald C. Pia, Jr. (ct21296)
    Roche Pia, LLC
    Two Corporate Drive, Suite 248
    Shelton, CT 06484
    Phone: (203) 944-0235
    Fax: (203) 567-8033
    E-mail: broche@rochepia.com
           gpia@rochepia.com